UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRK JA'ONG BOUIE, | No. 2:16-cv-0624 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| R. WILLOX, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested the appointment of a next friend. ECF No. 11. Plaintiff alleges that he is not able to do his own legal work due to "mental illness, namely, Major Depressive Disorder, Severe, with psychotic features; Adjustment Disorder with Mixed Anxiety and Depressed Mood; Mood Disorder; Post-traumatic Stress Disorder, Antisocial Personality Disorder; [and a] history of lower back pain." Id. at 2. He further alleges that his illness incapacitates him and that he can no longer afford to pay other inmates to help him. Id. at 2-3.

In modern practice, the terms next friend and guardian ad litem refer to the same office. AT&T Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 1053 (E.D. Cal. 2015) (citations omitted). Federal Rule of Civil Procedure 17 requires a court to "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "A party proceeding pro se in a civil lawsuit is entitled to

a competency determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). In determining whether substantial evidence of incompetence is presented, the district court may consider sworn declarations from the pro se party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists, and his medical history. See id. at 1152.

A person's capacity to sue is measured by the standard of the law of his domicile. Fed. R. Civ. P. 17(b)(1). Here, that means California state law. "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, 2012 WL 4482053, at *2, 2012 U.S. Dist. LEXIS 140780, at *11-12 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal. App. 4th 1180, 1186 (Cal. Ct. App. 2001); Cal. Civ. Proc. Code § 372; In re Sara D., 87 Cal. App. 4th 661, 666-67 (Cal. Ct. App. 2001)). This is a very high bar for establishing incompetence and as addressed below, plaintiff's participation to date has not demonstrated incompetence. As such, the court does not find grounds to engage in a competency determination.

Plaintiff contends that various mental issues incapacitate him.[1] However, he has not provided any objective evidence of his medical history or sworn declarations or letters from treating psychiatrists to support his claim of mental incapacity. Even if the undersigned were to accept plaintiff's allegations of his mental health diagnoses as true, a diagnosis by itself does not establish incompetence. Plaintiff's filings indicate that he does understand the nature and consequences of the proceeding or that he would at least be able to assist in the preparation of the case.

In the present motion, plaintiff contends with reasoned arguments that he is incapacitated and thereby requires the appointment of a next friend to his case. The level of understanding exhibited in plaintiff's motion, in and of itself, however, demonstrates that plaintiff is not incompetent, especially given California's stringent requirements. In his motion, plaintiff

---

[1] Plaintiff's back pain is not relevant to the incompetence inquiry.

1 presented a legal argument, supported it with allegations and an applicable rule, and cited some
2 case law. While plaintiff's argument may have fallen short of its mark, it shows that plaintiff
3 understands the nature of the motion or that at a minimum he would be able to assist in the
4 preparation of his case. In other words, plaintiff's motion does not provide substantial evidence
5 of incompetence.

6 Similarly, plaintiff has filed other documents in this case which are inconsistent with
7 incompetence. For example, plaintiff filed a detailed complaint replete with an exhibit list and
8 attached exhibits (ECF No. 1), which suggests that plaintiff is capable of understanding the nature
9 and consequences of this proceeding. More recently, plaintiff filed a request for status. ECF
10 No. 9. In that request, plaintiff stated that he chose to have a district court judge hear his case
11 instead of a magistrate judge, noted the date that he last heard from the court, and stated that he
12 would like to know if there has been any further action in his case since then. Id. He also
13 informed the court of a change to his address. Id. This demonstrates that plaintiff is capable of
14 understanding the nature and consequences of this proceeding.

15 Additionally, while plaintiff argues that he has depended on other inmates to help him in
16 the past, he does not specify the extent of his reliance and relying on the assistance of other
17 inmates, without more, does not demonstrate incompetence. Although it seems that a fellow
18 inmate, Mr. Shannon, helped to prepare the present motion, it is brought and signed by plaintiff,
19 indicating that plaintiff assisted in its preparation and understands its purpose. Plaintiff further
20 contends that he cannot afford to continue to pay inmates to help him and states he would like the
21 appointment of a next friend so that he can work with Mr. Shannon, who will not charge him.[2]
22 ECF No. 11 at 2-3. However, the court does not consider lack of ability to pay when determining
23 whether a prisoner is incompetent.

24 Plaintiff contends that he is incompetent and requires the appointment of a next friend to
25 his case, but the record does not support this claim. The court has not been presented with

---

[2] Apparently Mr. Shannon's current housing assignment makes communication between the two difficult and plaintiff seeks the appointment so that court documents can be sent directly to Mr. Shannon. ECF No. 11 at 2-3.

substantial evidence that plaintiff is incompetent.  Therefore, the court need not make a competency determination, and does not reach the stage of deciding whether to appoint a next friend.

    Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of a next friend is DENIED without prejudice.

DATED:  July 27, 2017.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4