UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRK JA'ONG BOUIE,<br><br>    Plaintiff,<br><br>    v.<br><br>R. WILLOX, et al.,<br><br>    Defendants. | No. 2:16-cv-0624 JAM AC P<br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has paid the filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    I.    <u>Statutory Screening of Prisoner Complaints</u>

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious,or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.; Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Complaint

In his complaint, plaintiff names Willox, Fielder, and Wihlidal, as well as a John Doe, as defendants. ECF No. 1. Plaintiff challenges a second freeze that was placed on his prisoner trust

fund account and the subsequent confiscation of funds, alleging that the freeze and confiscation were instituted by Willox in retaliation for plaintiff's assertion that the money was for an attorney to assist him in pursuing a habeas petition, and that defendants interfered with plaintiff's access to the courts because they prevented him from hiring a lawyer to represent him in a habeas case. Id. at 5, 8-12, 15-17, ¶¶ 13-15, 31-42, 48-56, 71-76. Plaintiff alleges that Fielder conspired with Willox to keep his trust fund frozen and denied his right to access the courts by giving the check for his attorney to Willox instead of sending it to plaintiff's lawyer. Id. at 9, 16, ¶¶ 38-40, 74. Plaintiff also alleges that Fielder conspired with Willox to remove his name from the North Kern State Prison transfer list and instead placed him on a transfer list at a more isolated and remote prison. Id. at 10, ¶¶ 45-47.

Following the freeze on his account, plaintiff's funds were turned over to the San Joaquin County District Attorney's office and he alleges that Wihlidal denied his right to due process by initiating the forfeiture proceedings despite knowing there were no grounds for criminal charges and that no criminal charges would be brought. Id. at 12-13, 16-17, ¶¶ 57-62, 76. Wihlidal then allegedly offered plaintiff "a settlement for the immediate return of his funds if he signed away any injury that stemmed from the seizure." Id. at 12-13, ¶ 59.

Plaintiff more broadly alleges that the Doe defendant denied his right to due process and right to access the courts by seizing his prisoner trust fund account without a court order. Id. at 12, 16, ¶¶ 55-56, 75.

As relief, plaintiff seeks compensatory and punitive damages and requests that this court "reopen his petition and/or motion for reconsideration that was denied due to being denied access the courts." Id. at 3.

III. Failure to State a Claim

A. Due Process – False Accusations

Plaintiff's allegation that Willox falsely accused him of illegally obtaining money fail to state a claim on which relief can be granted. Prisoners do not have a constitutional right to be free from false accusations of misconduct which may result in the deprivation of a protected liberty interest. Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984); Sprouse v. Babcock, 870

3

F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."). Therefore, plaintiff does not have a viable due process claim against Willox for the false accusation of obtaining the money illegally.

B. Due Process – Deprivation of Property

Plaintiff also alleges that Willox violated his due process rights by depriving him of his property. The unauthorized deprivation of property by a prison official, whether intentional or negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). "California Law provides an adequate post-deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-95). Therefore, only an intentional and authorized deprivation of property may constitute an actionable § 1983 claim for violation of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).

Plaintiff alleges that Willox and/or High Desert State Prison staff removed his trust account funds illegally and "by not following the CDCR policy on removing funds from inmates trust accounts." EFC No. 1 at 12, ¶ 55. However, to bring a deprivation of property claim, the deprivation must have been intentional and authorized. Piatt, 773 F.2d at 1036. Because plaintiff alleges that the deprivation of his funds was done illegally and against policy, he does not and cannot state a viable due process deprivation of property claim.

C. Conspiracy

A conspiracy claim brought under § 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox (Fox), 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)) (internal quotation marks omitted), and an actual deprivation of constitutional rights as a result of the alleged conspiracy, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting

Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Fox, 312 F.3d at 441 (quoting United Steelworkers, 865 F.2d at 1541). Plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights. Miller v. California, 355 F.3d 1172, 1177 n.3 (9th Cir. 2004) (citing Woodrum, 866 F.2d at 1126). The mere statement that defendants "conspired" is not sufficient to state a claim, since "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Courts in the Ninth Circuit have required a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted) (discussing conspiracy claim under § 1985); Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for a conspiracy to violate one's constitutional rights under § 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (citing Coverdell v. Dep't of Soc. & Health Servs., 834 F.2d 758, 769 (9th Cir. 1987))).

In this case, plaintiff fails to state a claim for a conspiracy between Willox and Fielder with sufficient particularity. His claim broadly states that "Fielder manipulated th[e] system in order to keep unauthorized 'tabs' on Bouie in conspiracy with Willox" (ECF No. 1 at 8, ¶ 30), but never states any particular facts to show there was an actual agreement between them or how keeping "tabs" on him violated his constitutional rights. To state a claim, it is not sufficient to assert that the defendants "conspired" without any additional facts to demonstrate a meeting of the minds. Iqbal, 556 U.S. at 678, 680-81.

With respect to the claim that Willox and Fielder conspired to take plaintiff's money, as discussed below, plaintiff has alleged sufficient facts to show that Willox's confiscation of his money was retaliatory. However, he has failed to allege facts showing that Fielder turned over the money with the intent to violate plaintiff's rights or that Fielder was acting in concert with Willox. Fielder allegedly told plaintiff that "inmates are to be reported to ISU when attempting to

send more than $3,000.00 from their trust account," and plaintiff was attempting to send out $4,000.00. EFC No. 1 at 8-9, ¶¶ 31, 41. This is the only indication of Fielder's motive in turning over the money and, rather than demonstrating a retaliatory motive or conspiracy, it instead suggests that Fielder was merely following protocol. No facts presented by plaintiff suggest that Fielder was retaliating against plaintiff or that he and Willox conspired to confiscate his money.

Finally, plaintiff's allegation that Fielder conspired with Willox to remove his name from the North Kern State Prison transfer list, and instead placed him on a transfer list for a more isolated and remote prison, is also conclusory and fails to state a claim. Id. at 10, ¶ 47. He states that this claim is based upon "information and belief," but has failed to allege any facts showing what information led him to this belief. Id. Even if the court assumes that Fielder had the power as a counselor to place prisoners on transfer lists as plaintiff suggests, there are no facts that show Fielder was the one who actually moved plaintiff to another transfer list or that he did so as part of some agreement with Willox. Furthermore, absent some showing that plaintiff's transfer was motivated by retaliation, either on the part of an individual defendant or as part of a conspiracy to retaliate against him, the fact that plaintiff was transferred to a less desirable prison does not state a claim for relief. Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (no constitutional right to be housed at a particular prison even if transferred to an institution with "more severe rules").

For these reasons, the conspiracy claim will be dismissed with leave to amend, as will any potential retaliation claim based on his transfer. If plaintiff chooses to amend this claim he will need to allege specific facts showing that there was an arrangement or meeting of the minds. For example, if someone told plaintiff something or one of the defendants said something that made him believe there was a conspiracy, he needs to include that information in his complaint.

D. Right to Access the Court

Under the First and Fourteenth Amendments to the Constitution, state inmates have a "fundamental constitutional right of access to the courts," Lewis v. Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)), and prison officials may not actively interfere with their right to litigate, Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011), overruled on other grounds by Coleman v. Tollefson, 135 S. Ct. 1759, 1765 (2015).

6

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 413-15 (2002). For backward-looking claims, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536 U.S. at 413-14), overruled on other grounds by Hust v. Phillips, 555 U.S. 1150 (2009). The right is limited to bringing complaints in direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. It is not a right to discover such claims or to litigate them effectively once filed with a court. Id.

To have standing to bring this claim, plaintiff must allege he suffered an actual injury. Lewis, 518 U.S. at 351-52; Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994). In other words, he must have been denied the necessary tools to litigate a nonfrivolous claim attacking a conviction, sentence, or conditions of confinement. Christopher, 536 U.S. at 415 (citing Lewis, 518 U.S. at 353 & n.3); Lewis, 518 U.S. at 354. Plaintiff need not show that he would have been successful on the merits of his claims, only that they were not frivolous. Allen v. Sakai, 48 F.3d 1082, 1085 & n.12 (9th Cir. 1994). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. The Ninth Circuit has emphasized that

> [a] prisoner need not show, ex post, that he would have been successful on the merits had his claim been considered. To hold otherwise would permit prison officials to substitute their judgment for the courts' and to interfere with a prisoner's right to court access on the chance that the prisoner's claim would eventually be deemed frivolous.

Allen, 48 F.3d at 1085. To properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Christopher, 536 U.S. at 417-18 (footnote omitted).

In this case, plaintiff fails to state a claim for relief because there was no actual injury or interference with his ability to access the court as a result of any of the defendants' conduct. The complaint alleges that the freeze on plaintiff's account and confiscation of his funds prevented him from hiring an attorney to represent him in his federal habeas proceeding. ECF No. 1 at 18-19, ¶¶ 83-88. To the extent plaintiff appears to allege that the initial freeze that occurred as part of an investigation into drug activity prevented him from hiring an attorney (id. at 4, 18, ¶¶ 1-4, 83), while it is clear that Willox was involved in the investigation, there are no facts demonstrating that any of the defendants initiated that investigation and freeze. Furthermore, to the extent either the original freeze or the subsequent retaliatory freeze and confiscation prevented plaintiff from hiring an attorney, he fails to allege facts that show this resulted in an actual injury.

Plaintiff has provided a copy of the order denying his habeas petition (id. at 21-22), and a review of the docket in that case shows that briefing on respondent's motion to dismiss, including supplemental briefing ordered by the court, was completed on May 22, 2013,[1] Bouie v. Board of Parole Hearings (Bouie I), 2:12-cv-1221 MCE JFM, ECF Nos. 12, 14, 16-21. Plaintiff was not placed in administrative segregation until June 21, 2013, after being charged with possession and distribution of a controlled substance, and his account was presumably frozen for the first time around that time. ECF No. 1 at 4, ¶ 1. Accordingly, neither the original freeze nor the subsequent retaliatory freeze interfered with plaintiff's ability to retain an attorney to assist him in defending against the motion to dismiss, since briefing was complete before his account was frozen, and he was clearly not prevented from filing his opposition.

After briefing was complete, findings and recommendations recommending granting the motion to dismiss were filed July 10, 2013. Bouie I, ECF No. 23. Plaintiff was able to file objections (Bouie I, ECF No. 26), and the order adopting the findings and recommendations was filed on August 6, 2013 (Bouie I, ECF No. 27). Plaintiff did not request information on how to send out money to retain counsel until August 8, 2013 (ECF No. 1 at 4, ¶ 4), so it does not appear that the original freeze prevented him from hiring an attorney to file objections. Plaintiff found

---

[1] "[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (citing Fed. R. Evid. 201(b)(2)).

8

out about the freeze on his account on August 10, 2013, when canteen staff told him that he could not shop (id., ¶ 6), and on August 15, 2013, he mailed his motion for reconsideration (Bouie I, ECF No. 29 at 3), which was received by the court on August 19, 2013 (ECF No. 1 at 23). While plaintiff's account was frozen, he also filed a motion for a certificate of appealability, an opposition to respondent's motion for an extension of time, a request for a copy of the Local Rules, and a reply in support of his motion for reconsideration. Bouie I, ECF Nos. 31-33, 35. The motion for reconsideration and request for a certificate of appealability were denied by order filed October 18, 2013. Bouie I, ECF No. 36. The original freeze was lifted on November 26, 2013, and the allegedly retaliatory freeze did not occur until November 28, 2013, when plaintiff gave a check to Fielder, who turned the check over to Willox. ECF No. 1 at 7-9, ¶¶ 28, 31, 37-41.

Plaintiff has failed to allege facts showing that any of the named defendants were responsible for the original freeze on his account and it is clear that even with the freeze in place, he was not prevented from accessing the court. As for the second, allegedly retaliatory freeze initiated by Willox, both the motion to dismiss and motion for reconsideration had been decided prior to the initiation of that freeze, so the second freeze could not have interfered with his ability to hire an attorney to assist with those matters. Accordingly, plaintiff fails to state a claim for the violation of his right of access to the courts because he suffered no actual injury and he was able to access the court as evidenced by his numerous filing in Bouie I.

### E. Malicious Prosecution

Generally, "a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted). Nonetheless, "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc). Thus, a malicious prosecution plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir.

1995). Plaintiff fails to state a claim for malicious prosecution because he has alleged only that Wihlidal initiated forfeiture proceedings without probable cause. There are no allegations that she acted with malice or for the purpose of denying him a specific constitutional right.

However, even if plaintiff could truthfully allege an impermissible motive, prosecutors are absolutely immune from liability when performing the traditional functions of an advocate and acts that are "intimately associated with the judicial phase of the criminal process." Kalina v. Fletcher, 522 U.S. 118, 125 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted). The Ninth Circuit has specifically held "that absolute immunity is available to prosecutors in the context of civil forfeiture proceedings." Torres v. Goddard, 793 F.3d 1046, 1052 (9th Cir. 2015). However, like the actions of a criminal prosecutor, the actions of a civil forfeiture prosecutor are not absolutely immune "merely because of his status as a prosecutor." Id. at 1052; Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("the actions of a [criminal] prosecutor are not absolutely immune merely because they are performed by a prosecutor"). Prosecutorial immunity depends on the nature of the function performed. Kalina, 522 U.S. at 125. "A prosecutor is absolutely immune 'when performing the traditional functions of an advocate.' However, he is not entitled to such protection when he is 'cast [ ] in the role of an administrator or investigative officer rather than that of advocate.'" Torres, 793 F.3d at 1051 (alteration in original) (quoting Kalina, 522 U.S. at 131, 125).

Plaintiff alleges that his funds were turned over to the San Joaquin County District Attorney's office and that the civil forfeiture case was assigned to defendant Wihlidal, even though there was no court order or warrant and there were no new or pending criminal charges against him. EFC No. 1 at 12. He claims that Wihlidal "knew or should have known that [he] had no pending criminal charges in connection to the seizure," thereby making her pursuit of civil forfeiture improper. Id. at 13. These allegations involve the functions of an advocate and Wihlidal therefore enjoys absolute prosecutorial immunity. The claims against her therefore must be dismissed. Imbler, 424 U.S. at 431 ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); McCarthy v. Mayo, 827 F.2d 1310, 1315 (9th Cir. 1987) (holding prosecutors entitled to qualified immunity on claim

10

that they filed charges even though they knew the statute of limitations had run because "[t]he intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry").

IV. Claim for Which a Response Will Be Required

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

The alleged adverse action need not itself be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (1995) (to prevail on a retaliation claim, plaintiff need not "establish an independent constitutional interest" was violated); see also Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997) (upholding jury determination of retaliation based on filing of a false rules violation report); Rizzo, 778 F.2d at 531 (transfer of prisoner to a different prison constituted adverse action for purposes of retaliation claim). "[T]he mere *threat* of harm can be an adverse action." Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009) (emphasis in original); Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). Thus, the interest asserted in a retaliation claim is the right to be free of conditions that would not have been imposed but for the alleged retaliatory motive. However, not every allegedly adverse action will support a retaliation claim. See e.g. Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of *post hoc*, *ergo propter hoc*, literally, 'after this, therefore because of this'" (citation omitted)).

To sustain a retaliation claim, plaintiff must plead facts that support a reasonable inference that plaintiff's exercise of his constitutionally protected rights was the "substantial" or "motivating" factor behind the defendant's challenged conduct. Soranno's Gasco, Inc. v.

11

Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 419 U.S. 274, 287 (1977)). Plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the challenged conduct. Pratt, 65 F.3d at 806 (citing Rizzo, 778 F.2d at 532).

The protected conduct alleged by plaintiff in this case is his attempt to access the courts, specifically his attempt to obtain habeas relief. While being interrogated by Willox about the money in his account, plaintiff told him that the money came from his family to hire an attorney to assist with his petition, Willox said that he believed the money was from drug sales and that he was going to take plaintiff's money "no matter what." EFC No. 1 at 5, ¶¶ 10-15. Once the investigation was complete and no evidence was found of the money being obtained illegally, the freeze on plaintiff's trust account was reversed and immediately lifted. Id. at 7, ¶ 27. However, Willox proceeded to confiscate the check to plaintiff's attorney based on the false claim that plaintiff was involved in drug sales, and when he handed plaintiff the notice of non-judicial forfeiture proceedings seizing plaintiff's trust account, he told plaintiff "I told you I was going to take that money no matter what." Id. at 9-11, ¶¶ 37-40, 48, 51-52.

Although Willox told plaintiff he believed the money came from drug sales, his subsequent comment that he was going to take the money "no matter what," coupled with his reiteration of that phrase when he took plaintiff's money after plaintiff had been cleared of wrongdoing, demonstrates that Willox's actions were not penologically motivated. Liberally construed and taken in the light most favorable to plaintiff, these facts suggest that Willox's comment about plaintiff's involvement with drugs was a pretext and he was instead attempting to retaliate against plaintiff for trying to pursue a habeas petition. Plaintiff's allegations are sufficient, at the screening stage, to state a claim for retaliation based upon Willox's false charges and confiscation of his money in response to plaintiff's advisement that he was using the money to pursue habeas relief.

V. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state any cognizable claims against defendants Fielder and Wihlidal or against the Doe defendant. The

12

complaint also fails to state claims against Willox for conspiracy, retaliatory transfer, and violation of plaintiff's rights to due process and access the courts. However, it appears that plaintiff may be able to allege facts to remedy his claims against Fielder and Doe and his defective claims against Willox and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Willox on his claim that Willox's false accusation and confiscation of his trust account funds was retaliatory, or he may delay serving Willox and amend the complaint to attempt to fix the problems with his other claims. Plaintiff is free to reassert his claims against defendant Wihlidal, but is advised that if he chooses to do so, the undersigned will recommend that such claims be dismissed for the reasons explained above.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his retaliatory confiscation claim against defendant Willox without amending the complaint, the court will send him the necessary forms for service of the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all other claims against Willox and of all the claims against defendants Fielder, Wihlidal, and Doe.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the complaint state claims against the defendants and some do not. Your claim that defendant Willox falsely accused you of drug activity so that he could take your money in retaliation for trying to litigate your habeas case states a claim and will require a response from Willox.

All of your claims against defendants Fielder, Wihlidal, and Doe fail to state claims. Your claims against Willox for conspiracy, retaliatory transfer, and violation of your rights to due process and access the courts also fail to state claims.

You may either (1) proceed immediately on your claims against defendant Willox and withdraw the other claims, or (2) try to amend the complaint to state claims against defendants Fielder, Wihlidal, and Doe and against defendant Willox for conspiracy, retaliatory transfer, and violation of your rights to due process and access the courts. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all of your claims except the claims against Willox for retaliation based on him falsely accusing you of drug activity and confiscating your money. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file

14

an amended complaint or complete service).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants Fielder, Wihlidal, and Doe and his claims against defendant Willox for conspiracy, retaliatory transfer, and violation of his rights to due process and access the courts are dismissed with leave to amend.

2. Plaintiff has the option to proceed immediately on his claims against defendant Willox for retaliation based on falsely accusing him of drug activity and confiscating his money as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.

DATED: May 11, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

<pre>
1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  DIRK JA'ONG BOUIE,                    No. 2:16-cv-0624 JAM AC P
12              Plaintiff,
13         v.                             PLAINTIFF'S NOTICE ON HOW TO
                                          PROCEED
14  R. WILLOX, et al.,
15              Defendants.
16
17        Check one:
18  _____ Plaintiff wants to proceed immediately on his claims against defendant Willox for
19        retaliation based on falsely accusing him of drug activity and confiscating his money
20        without amending the complaint.  Plaintiff understands that by going forward without
21        amending the complaint he is voluntarily dismissing without prejudice all of his other
22        claims against Willox and all of his claims against defendants Fielder, Wihlidal, and Doe.
23  _____ Plaintiff wants to amend the complaint.
24
25  DATED:_____
26                                         _____
                                           Dirk Ja'ong Bouie
27                                         Plaintiff pro se
28
                                           1
</pre>