UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRK JA'ONG BOUIE,<br><br>Plaintiff,<br><br>v.<br><br>R. WILLOX, et al.,<br><br>Defendants. | No. 2:16-cv-0624 JAM AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983, has filed a document he calls objections to defendant Willox's responses to his requests for discovery. ECF No. 38. This is in fact a motion to compel.

In the motion, plaintiff challenges defendant's responses to his interrogatories and requests for production and admissions. Id. at 3-4. However, discovery closed on December 6, 2019, ECF No. 28 at 5, and plaintiff's motion was not filed until January 6, 2020, ECF No. 38 at 12. Plaintiff requests that the court excuse the lateness of his motion because did not receive defendant's responses until December 14, 2019, and was unaware of the December 6, 2019 deadline until January 6, 2020, when he was advised of the deadline by defense counsel. Id. at 10-11. Plaintiff claims that he was separated from his legal property between November 10 and December 20, 2019, while he was being transferred, and that when he received his property

////

1

the scheduling order was missing.[1]  Id. at 11.  Good cause appearing, plaintiff's untimeliness will be excused.  However, for the reasons outlined below, the motion will be denied and plaintiff will be given an opportunity to file another motion to compel limited to his second request for production and first set of interrogatories.

Plaintiff first moves to compel further responses from defendant Willox to his second request for production and first set of interrogatories.  Id. at 1-4.  He argues that defendant waived his objections because the responses were filed six days after the expiration of the thirty-plus-three-day time limit provided by the Federal Rules of Civil Procedure, and defendant should therefore be required to respond to all requests without objection.  Id. at 3.  The discovery and scheduling order provides that "[r]esponses to written discovery requests shall be due forty-five days after the request is served."  ECF No. 28 at 5.  Accordingly, defendant's responses were not untimely, and his objections were not waived.  The motion to compel is therefore denied to the extent it rests on alleged waiver of objections.

The court cannot otherwise evaluate the matter because plaintiff has not specifically identified which discovery requests are in dispute or explained why the responses were deficient.  However, because of the delay in plaintiff's receipt of the responses and his separation from his property, the court will briefly re-open the discovery period for the sole purpose of allowing plaintiff to file a motion to compel as to his second request for production and first set of interrogatories that is in the proper form.

Plaintiff also requests that defendant be required to respond to his requests for admissions and third set of requests for production and interrogatories, which were served on December 17, 2019.  ECF No. 38 at 4.  He asserts that during a phone call on January 6, 2020, defense counsel advised that defendants would not be responding to the requests because they were submitted after discovery had closed.  Id.  Plaintiff argues that defendants should be required to respond to the requests because he was separated from his property and therefore did not have the documents

---

[1] The court notes that although plaintiff states he filed a notice of change of address with the court on November 17, 2019, no such notice has been received.  Accordingly, the Clerk of the Court will be directed to update the docket based on the address provided on plaintiff's most recent filing.

2

he needed in order to make his further requests and was unaware of the December 6, 2019 deadline. Id. The motion as to these requests will be denied. The discovery and scheduling order clearly states that written discovery requests were to be served no later than October 7, 2019. ECF No. 28 at 5. Plaintiff was not separated from his legal property until November 10, 2019, over a month after the deadline for submitting discovery requests had passed, and he offers no reason for his failure to request an extension of time prior to the expiration of that deadline. Plaintiff's December 17, 2019 requests were therefore untimely, and he has not shown good cause to excuse the untimeliness.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to defendant's responses to discovery requests, ECF No. 38, is construed as a motion to compel and is DENIED.

2. Within twenty-one days of the service of this order, plaintiff may file a motion to compel further responses to his second request for production and first set of interrogatories. Any such motion must identify the specific requests at issue and explain why the responses are deficient.

3. The Clerk of the Court is directed to update plaintiff's address of record to Salinas Valley Prison, P.O. Box 1050, Soledad, CA 93960 and re-serve the December 18, 2019 order, ECF No. 37, on plaintiff at his new address.

DATED: January 13, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE