UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRK JA'ONG BOUIE, | No. 2:16-cv-0624 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| R. WILLOX, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that he cannot afford counsel, has been unable to find counsel willing to represent him, has been diagnosed as legally blind since 2016, has limited access to the law library, is a mental health participant, and that counsel would be better able to present his case at trial. ECF No. 41. The circumstances alleged by plaintiff are common to many prisoners and therefore do not demonstrate that exceptional circumstances warranting appointment of counsel exist. Furthermore, it has not yet been determined that this case will proceed to trial, so any request for appointment of counsel on that basis is premature. The court further notes that, to date, plaintiff has managed to successfully articulate his claims without the assistance of counsel, and on the current record, it is not clear that plaintiff is likely to succeed on the merits, particularly in light of the pending motion for summary judgment based on his alleged failure to exhaust administrative remedies.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel, ECF No. 41, is denied.

DATED: January 22, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE